## Exemptions from Workmen's Compensation Insurance.

*Workmen's compensation law — Exemptions from carrying insurance — Exemptions to be allowed by Department of Labor and Industry — Acts of June 2, 1915, P. L. 736, June 2, 1915, P. L. 758, July 21, 1919, P. L. 1077, and June 7, 1923, P. L. 498.*

The Department of Labor and Industry, and not the Workmen's Compensation Board, is the agency which is charged by law with the responsibility of acting upon applications for exemptions from the duty of carrying workmen's compensation insurance.

Department of Justice.   Opinion to Dr. Richard H. Lansburgh, Secretary of Labor and Industry.

SCHNADER, Special Dep. Att'y-Gen., March 17, 1926.—We have your request to be advised whether exemptions from the duty of employers to carry workmen's compensation insurance should be considered and granted or refused by the department or by the Workmen's Compensation Board.

We understand that at the present time exemptions are granted or refused over the signature of the Workmen's Compensation Board. You desire to know whether this is the correct practice under the law as it now stands.

The duty of employers to carry workmen's compensation insurance is prescribed by section 305 of the Act of June 2, 1915, P. L. 736, which provides that: "Every employer liable under this act to pay compensation shall insure . . . in the State Workmen's Insurance Fund or in any insurance company authorized to insure such liability in this Commonwealth, unless such employer shall be exempted by the bureau from such insurance. An employer desiring to be exempt from insuring . . . shall make application to the bureau, showing his financial ability to pay such compensation, whereupon the bureau, if satisfied of the applicant's financial ability, shall by written order make such exemption. The bureau may, from time to time, require further statements of the financial ability of such employer, and, if at any time such employer appears no longer able to pay compensation, shall revoke its order granting exemption. . . ."

Section 107 of the same act defined "bureau" as meaning the Bureau of Workmen's Compensation of the Department of Labor and Industry.

Both the Workmen's Compensation Board and the Bureau of Workmen's Compensation of the Department of Labor and Industry were originally created by the Act of June 2, 1915, P. L. 758. Section 2 of that act created the bureau, and section 3 created the board "to supervise and direct the bureau."

Section 13 of the same act rendered it the duty of the Workmen's Compensation Board "to make all proper and necessary rules and regulations for the conduct of the bureau."

In addition to creation of the Workmen's Compensation Board and the Bureau of Workmen's Compensation, the Act of June 2, 1915, P. L. 758, provided for the appointment of a number of workmen's compensation referees.

The Acts of June 2, 1915, P. L. 736 and P. L. 758, assigned certain duties

to each, the Bureau of Workmen's Compensation, the Workmen's Compensation Board and the several workmen's compensation referees. Clearly, one of the duties assigned to the bureau, as distinguished from the board, was the consideration of applications for exemption from the duty of carrying workmen's compensation insurance. True, the board had the right to make rules and regulations for the conduct of the bureau in the exercise of this function, but it did not have the right, under the two acts cited, to displace the bureau entirely in the exercise of this function.

The Act of June 2, 1915, P. L. 758, was repealed by the Act of July 21, 1919, P. L. 1077. The latter act, like that which it superseded, provided the governmental machinery for the administration of the workmen's compensation laws. Like the Act of 1915, it created both a Bureau of Workmen's Compensation and a Workmen's Compensation Board. It did not, however, create the board with power "to supervise and direct the bureau," as did the Act of 1915, nor did it give to the board the unqualified right to make all proper and necessary rules and regulations for the conduct of the bureau. On the contrary, the power of the board to make rules applicable to the bureau was limited to the making of "all proper and necessary rules and regulations for the legal and judicial procedure of the bureau."

There was no further change in the law applicable to the subject-matter of your inquiry until the Administrative Code was enacted in 1923. That act (Act of June 7, 1923, P. L. 498), in section 2, abolished the Bureau of Workmen's Compensation, and by section 1701 conferred upon your department the duty of continuing to exercise the powers and perform, the duties by law vested in and imposed upon your department, the several bureaus and divisions thereof and the Industrial Board, together with such additional powers and duties as the Code vested in and imposed upon your department.

With respect to the powers and duties of the Workmen's Compensation Board, which was not abolished, section 1712 provided that, "subject to any inconsistent provisions in this act contained, the Workmen's Compensation Board shall continue to exercise the powers and perform the duties by law vested in and imposed upon the said board."

Nowhere in the Code did the legislature make any specific reference to the matter of granting exemptions from the duty of carrying workmen's compensation insurance.

The review of legislation which we have given leads inevitably to the following conclusions:

1. Under the Acts of 1915, the Bureau of Workmen's Compensation was the body charged by law with the duty of acting upon applications for exemption from the duty of carrying workmen's compensation insurance; but the Workmen's Compensation Board could, through rules and regulations adopted by it, in some measure at least, control the action of the bureau.

2. Under the Act of 1919, the ability of the Workmen's Compensation Board to control the action of the bureau in dealing with the matter of exemptions was limited to the board's right to make rules and regulations governing the legal and judicial procedure of the bureau. Whether the consideration of applications for exemption could possibly be regarded as either legal or judicial procedure is a question which, for the purposes of this opinion, is purely academic.

3. The Administrative Code of 1923 transferred to your department all the powers formerly vested in the Bureau of Workmen's Compensation with regard to exemptions, without specifically giving to the Workmen's Compensation Board the right to make rules governing the conduct of your depart-

ment in any respect. In our opinion, the board's right to make rules and regulations governing the legal and judicial procedure of the abolished Bureau of Workmen's Compensation came to an end when the bureau was abolished, and the board does not now have the right to make any rules or regulations governing the conduct of your department.

Accordingly, you are advised that your department, and not the Workmen's Compensation Board, is the agency which, under the present law, is charged with the responsibility of acting upon applications for exemption from the duty of carrying workmen's compensation insurance.

It is, of course, true that, under section 205 of the Administrative Code, you, as the head of the Department of Labor and Industry, may delegate any of the duties of the department to deputies or the duly authorized agents or employees of the department, and that, under section 212, your department, with the approval of the executive board, has the right to establish bureaus or divisions to carry on such portions of the work of your department as may be assigned to them.

From C. P. Addams, Harrisburg, Pa.